APPLE *et al.* v. WESTHEIMER & DAUBE.

No. 6163. Opinion Filed February 15, 1916.

(155 Pac. 623.)

1. INDIANS—Lands—Invalid Lease—Rights of Lessee. Defendants, January 19, 1910, entered into a written agricultural lease with a full-blood Chickasaw Indian for his surplus allotment for the year 1911, and during the existence of the lease, and on June 30, 1910, they entered into another such lease for the same land for a term of five years, from January 1. 1912. The allottee died in the spring of 1911, and plaintiffs in August, 1911, purchased from the heirs of deceased, deed properly approved. **Held** that, in an action instituted in 1912, by plaintiffs, for title, possession, etc., defendants had not such "possession, rights, and equities," regardless of the leases, which would protect them against plaintiffs' demand.

2.    **SAME—Lease of Restricted Allotment.** Where a lease by a
Chickasaw citizen of his restricted allotment is made for agri-
cultural purposes, and before it expires another lease for agri-
cultural purposes is made to the same lessees for a period of
five years, to commence in the future, the last lease, not being
approved by the Secretary of the Interior, is void.

(Syllabus by Watts, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by S. A. Apple and another against West-
heimer & Daube, a firm composed of Max Westheimer and
another. Judgment for defendants, and plaintiffs bring
error. Reversed, and new trial granted.

*J. A. Bass,* for plaintiffs in error.

*J. C. Thompson,* for defendants in error.

Opinion by WATTS, C.   Plaintiffs in error, plain-
tiffs below, sued the defendants in error, defendants be-
low, alleging ownership and right to possession of a certain
100-acre tract of land, and damages for withholding pos-
session from them for the year 1912.   Defendants an-
swered by general denial, and, further, that at the time
plaintiffs purchased they were in actual, exclusive, and
peaceable possession under a one-year paid-up contract
with allottee for the year 1911, and that they were hold-
ing for 1912, under a paid-up lease dated June 30, 1910,
for five years from January 1, 1912; that by reason of
their possession, as above set out, plaintiffs had notice
of all their rights and equities, and plaintiffs' purchase
was subject to the termination of their five-year lease.

The reply states the allottee was a full-blood Chick-
asaw Indian, and that the five-year lease was void and
not approved by the Secretary of the Interior.   The evi-
dence shows that the allottee was a full-blood Chickasaw

Indian and died in the spring of 1911; that plaintiffs purchased in August, 1911, from the heirs, evidenced by a deed properly approved, etc.; and that the land in controversy was the surplus allotment of the allottee. The evidence further shows that defendants were in possession for 1909, by purchase of what it termed the Hardy lease, and that at the time plaintiffs purchased defendants were in possession and holding under an unrecorded lease, dated and acknowledged January 19, 1910, with allottee for 1911, and also had the five-year lease herein mentioned, which was of record, and that plaintiffs had actual knowledge of defendants' occupancy by tenant. The case was tried to the court and jury, September 20, 1913, and at the conclusion of the evidence the court instructed a verdict for defendants. Judgment was entered accordingly, and plaintiffs bring error.

Defendants insist that, by reason of their actual "possession" at the time plaintiffs purchased, they had "rights and equities," regardless of the leases, which protected them against plaintiffs' demand.

1. In a case of this kind, under the facts, such argument is not only inconsistent, but has neither length nor breadth. Of the many phases of Indian lease questions decided by this court, not one can be found supporting defendants' view. Defendants' possession, right, and equities, as they designate them, in order to be such in fact, must depend on some prior, lawful, actual, contractual relations, or at least grow out of some act or relation not unlawful; otherwise, by circumvention, an object could be accomplished by indirection which could not be accomplished by direction. One could be guilty of the most flagrant violation of the inhibition imposed in refer-

ence to leasing full-blood Indian lands, and by artifice accomplish just what Congress intended to forbid. Whatever may be the application of the principle for which counsel contend as applied to other and not full-blood Indian leases, as herein, is not necessary for decision; but we feel firmly such a position here is untenable. When called to account, defendants cannot love another for the purpose of escaping the penalty of the law, and at the same time divorce themselves from the union they have voluntarily entered, enjoyed, and maintained. And in this connection there is no question but that the plaintiffs may assail the invalidity of the lease on which defendants must win or lose. In *Chapman v. Siler*, 30 Okla 714, 120 Pac. 608, it was held (Syl.) :

"An agricultural lease of restricted lands, made since statehood by a Choctaw Indian in violation of the provisions of the Atoka Agreement, ratified and approved by act of Congress June 29, 1898 (Act June 28, 1898, c. 517, 30 Stat. 495), as modified by act of Congress approved April 26, 1906 (Act April 26, 1906, c. 1876, 34 Stat. 137), is void, and the validity of such lease may be questioned in an action by the grantee of the allottee, who holds under a deed from such allottee, made after her restrictions have been removed."

See, also, *Simmons et al. v. Whittington*, 27 Okla. 356, 112 Pac. 1018.

2. The next question is the validity of the five-year lease. Counsel for defendants do not contend this lease is valid, and there is no question in our mind of its invalidity and conflict with the several acts of Congress. Act June 28, 1898, 30 Stat. at L. 495, Atoka Agreement; Act of Congress May 27, 1908, 35 Stat. at L. 312, c. 199, Fed. Stat. Ann. Supp. 1909, 233. The most recent de-

cision in point is *Hudson v. Hildt,* 51 Okla. 359, 141 Pac. 1063:

"Where a lease by a Creek citizen of his restricted allotment is made for agricultural purposes, and before it expires another lease for agricultural purposes is made to the same lessee for a period of five years, to commence in the future, the last lease not being approved by the Secretary of the Interior, held, the last lease is void."

We therefore hold that, as defendants were holding under the agricultural lease dated January 19, 1910, to run for the year 1911, the lease dated June 30, 1910, to defendants, to run for five years from January 1, 1912, was void and in violation of the acts of Congress, *supra.* It therefore follows that the trial court erred in instructing a verdict and entering judgment for defendants.

The judgment should be vacated, set aside, and new trial granted.

By the Court: It is so ordered.